UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
JOHN JACKSON,

                Plaintiff,

      -against-                              OPINION

CITY OF NEW YORK; CHANCELLOR DENNIS    14 Civ. 5755 (GBD) (KNF)
WALCOTT, NEW YORK CITY DEPARTMENT
OF EDUCATION; THERESA EUROPE, OFFICE
OF LEGAL SERVICES; SUSAN VAIRO,
FORMER C.S. 133 PRINCIPAL, *all sued in their
official and individual capacity*,

                Defendants.
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff John Jackson brings this action, alleging: (1) violations of the First and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983, and (2) state law violations under New York Civil Service Law § 75-b ("CSL § 75-b"), New York Education Law § 3020-a ("EL § 3020-a"), and other violations of state law. (Compl., ECF No. 2.)

Defendants the City of New York ("City") and Susan Vairo, former C.S. 133 Principal, move to dismiss for failure to obtain personal jurisdiction over the defendants, because the complaint is barred by the doctrine of issue preclusion, and because Plaintiff fails to state a claim for retaliation. Defendants also argue that the City is not a proper party to this action, the City and Defendant Vairo were never properly served with the *summons* accompanying the complaint, and that Plaintiff's claims are time barred for failure to serve notice of claim.[1] (*See* Motion, ECF No. 9; Mem. of Law ("Mem."), ECF No. 11.)

---

[1] Defendants' counsel's notice of appearance stated that he was a "limited appearance attorney" for the City and Defendant Vairo. (*See* ECF No. 8.)

Before this Court is Magistrate Judge Kevin Nathaniel Fox's August 13, 2015 Report and Recommendation ("Report"), in which he recommended that this Court grant Defendants' motion in part dismissing (1) all claims against the City; (2) any state law claims against Defendant Vairo in her official capacity; and (3) the CSL § 75-b public employee whistleblower claim against Defendant Vairo. (*See* Report at 23.) This Court adopts those recommendations.

The motion to dismiss is granted as to the City. Named Defendants Walcott and Europe are also dismissed from this case.[2] The motion to dismiss is denied as to Plaintiff's First Amendment retaliation claim against Defendant Vairo.

## STANDARD OF REVIEW

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of

---

[2] Plaintiff names four entities as defendants in this action: (1) the City of New York; (2) Dennis Walcott; (3) Theresa Europe; and (4) Susan Vairo. Defendants Walcott and Europe were never served and, therefore, are not parties to this action. (*See* July 15, 2015 Tr. 12:22-15:2 (Plaintiff's process server's testimony that "[he] didn't serve[] Theresa Europe," but that "[he] served personally New York City and Susan Vairo"), ECF No. 28.) Because service on these defendants was not effected "within 120 days after the [C]omplaint [wa]s filed," Defendants Walcott and Europe are dismissed from this case. *See* Fed. R. Civ. P. 4(m). Similarly, despite Plaintiff's passing reference to the Department of Education as a defendant, (*see* Compl. ¶ 20), there is no indication that that the Department of Education was ever served. Thus, the Department of Education—to the extent it was ever a named defendant—is also dismissed from this case on the same grounds. Plaintiff raises no "good cause for th[is] failure" warranting a further extension of time to effect service. *See* Fed. R. Civ. P. 4(m).

2

the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson*, 618 F. Supp. at 1189).

The pleadings of parties appearing *pro se* are generally accorded leniency and should be construed "to raise the strongest arguments that they suggest." *See Chukwueze v. NYCERS*, 891 F. Supp. 2d 443, 450 (S.D.N.Y. 2012) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Nonetheless, even a *pro se* party's objections must be specific and clearly aimed at particular findings in the Report, such that no party is allowed a "second bite at the apple" by merely relitigating a prior argument. *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023(LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quotation omitted), *aff'd*, 367 F. App'x 210 (2d Cir. 2010). If a party's objection does reiterate a prior argument, or consists entirely of conclusory or general arguments, the Court should review the Report for clear error. *See McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009); *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009).

Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 23); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Both parties filed timely objections to the Report. ("Defs.' Obj.," (ECF No. 34); "Pl.'s Obj.," (ECF No. 36); "Defs.' Resp.," (ECF No. 37); "Pl.'s Resp.," (ECF No. 38)). There is no clear error on the face of the record as to those portions of the report

to which no objections were made. This Court has considered the issues raised in the parties' objections and reviews *de novo* the objected-to portions of the Report.[3]

## SERVICE OF PROCESS

### A. Defendant Vairo waived her argument for dismissal for improper service through Corporation Counsel.

Following the July 15, 2015 hearing, Magistrate Judge Fox found that the remaining defendant, Defendant Vairo, "ha[d] been served with both the summons and complaint[]." (Report at 14.) The Report based this conclusion on a determination that Betty Mazyck, a New York City Law Department employee who received the papers, was not a credible witness.[4] (*See id.* at 11-13.) Magistrate Judge Fox thus "rejected" Ms. Mazyck's testimony (that she only received two complaints but no summonses, and that she recalled telling Plaintiff's process server she could not accept service of process on Defendant Vairo's behalf).[5] (*Id.* at 13.)

In their objections to the Report, Defendants argue that Ms. Vairo never "waived her right to proper service," and that she has "never authorized anyone to waive service or to accept service on her behalf." (Defs.' Obj. at 8.) Defendants contend that the attempted service at the New York City Law Department, Office of Corporation Counsel was ineffective because Ms. Vairo is a DOE, not a Law Department, employee. (*Id.* at 5-6.)

---

[3] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein. Plaintiff agrees that the Report "correctly summarizes [his] Complaint." (*See* Pl.'s Obj. at 1.)

[4] This Court adopts Magistrate Judge Fox's findings regarding the credibility of the witnesses at the hearing. Under the *de novo* determination standard, a district judge is entitled to give a magistrate judge's findings of fact and credibility determinations "such weight as [their] merit commands and the sound discretion of the judge warrants." *Raddatz*, 447 U.S. at 676.

[5] (*See* Tr. 30:22-31:17; *id.* 33:1-6.)

4

Having employed a *de novo* review, this Court agrees with the conclusions in the Report. Defendants did not properly or timely raise this as a legal argument. (Report at 15.) In their moving papers, Defendants asserted only one legal ground for lack of personal jurisdiction in its argument section: that Plaintiff failed to serve them with a copy of the summons. (*Id.*) Defendant Vairo's motion to dismiss for lack of proper service is therefore denied.

## MOTION TO DISMISS

### A. Defendant the City of New York is dismissed from this action.

The Report recommended that the City be dismissed under Federal Rule of Civil Procedure 12(b)(6)[6] because "the [C]omplaint is devoid of any allegations" against this defendant. (Report at 20-21.) Plaintiff agrees that "the City of New York is not a proper Defendant in this matter." (Pl.'s Obj. at 9.) The City and any claims against it are therefore dismissed.

### B. Plaintiff is not estopped by issue preclusion from bringing his First Amendment retaliation claim.

The Report properly found that "the issues raised in the state court proceedings, as they relate to the claims asserted in that forum, and the issues raised by various claims asserted in this action are not identical." (*Id.* at 17.)

Defendants object that "[t]his entire action is based solely upon plaintiff's complaints regarding the happening, process, procedure, and findings, of his § 3020-a hearing." (Defs. Obj. at 9-13.) However, rather than seeking to "relitigate" the claims raised in his § 3020-a hearing, Plaintiff alleges that Defendant Vairo retaliated against him for his speech as a union Chapter Leader by attempting to terminate him. (Compl. at 6, 11-12.)[7]

---

[6] *See* Report at 18, 20 (standard of review for a Rule 12(b)(6) motion to dismiss).

[7] To the extent that Plaintiff alleges § 1983 due process claims, Magistrate Judge Fox did not make a finding that such a claim survives Defendants' motion to dismiss. Plaintiff has not sufficiently alleged a procedural due process claim because Plaintiff "had a full trial-type hearing before a neutral hearing

5

The Second Circuit has held that a finding of just cause for termination or discipline, resulting from a § 3020-a hearing, does not necessarily preclude the possibility that the adverse employment action was "motivated by unlawful animus." *Leon v. N.Y. City Dep't of Educ.*, No. 14–1811, 2015 WL 2444502, at *1 (2d Cir. May 22, 2015) (rejecting the District Court's finding that the plaintiff's discrimination or retaliation claims were precluded as a result of a § 3020-a hearing and reasoning that "'[t]he plaintiff could be successful on the [discrimination or retaliation] claims even if the jury were to accept that there were legitimate reasons for terminating h[er], too'") (quoting *Matusic v. Erie Cnty. Water Auth.*, 757 F.3d 31, 47 (2d Cir. 2014)). The hearing examiner did not consider and determine Plaintiff's First Amendment claim at the § 3020-a hearing. *See Leon*, 2015 WL 2444502, at *1 ("[T]here is no indication that the § 3020-a hearing addressed, much less actually decided, whether the charges leading to Leon's termination were driven, even in part, by discriminatory or retaliatory intent.") (internal quotations omitted). As such, this Court adopts the Report's finding that Plaintiff is not estopped from bringing his First Amendment retaliation claim. (*See* Report at 17-18.)

### C. Plaintiff's First Amendment retaliation claim against Defendant Vairo states a cause of action.

The Report recommends that this Court deny Defendants' motion to dismiss Plaintiff's First Amendment retaliation claim for failure to state a claim. This Court adopts the Report's conclusion over the Defendants' objections. (Defs. Obj. at 13-16.) Specifically, the Report states

---

officer . . . at which he was represented by counsel, was able to cross-examine witnesses, and to present his own witnesses." (Defs. Obj. at 16.) Additionally, Plaintiff was afforded a post-discipline Article 75 proceeding and state appellate review. *Id.* "To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985); *see also Smith v. New York City Dep't of Educ.*, 808 F. Supp. 2d 569, 583 (S.D.N.Y. 2011) (where plaintiff had administrative proceedings pursuant to both § 3020-a and Article 75, he "received all the process that was due to him").

that "[t]he plaintiff alleged in the complaint that the defendants retaliated against him as a teacher and Chapter Leader when he complained about the limited ATS access, from which a reasonable inference can be drawn that the plaintiff asserts violations of his First Amendment right both as a public employee and as a citizen." (Report at 20.) (Citations omitted.)

To allege sufficient facts to withstand a Rule 12(b)(6) motion to dismiss a First Amendment retaliation claim, a public employee plaintiff must allege that (1) he "engaged in protected First Amendment activity"; (2) he "suffered an adverse employment action"; and (3) "a causal connection between the protected activity and the adverse employment action" exists. *Smith v. Cnty of Suffolk*, 776 F.3d 114, 118 (2d Cir. 2015); *Tessler v. Paterson*, 768 F. Supp. 2d 661, 666 (S.D.N.Y. 2011). Speech may be protected by the First Amendment if the employee spoke as a citizen on a matter of public concern. *See Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006).

It is well-established in this District that speech as a union representative on behalf of a union or other employees is protected, given the "inherent institutional conflict of interest between an employer and its employees' union . . . ." *See Pekowsky v. Yonkers Bd. Of Educ.*, 23 F. Supp. 3d 269, 276-78 (S.D.N.Y. 2014) (holding that the plaintiff's advocacy on behalf of teachers union was a matter of public concern because "union representation of teachers is a matter of importance to the functioning of our public education system") (internal citations omitted); *Shub v. Westchester Cmty College*, 556 F. Supp. 2d 227, 246 (S.D.N.Y. 2008) ("Retaliation against public employees solely for their union activities violates the First Amendment."); *see also Scott v. Goodman*, 961 F. Supp. 424, 435 (E.D.N.Y. 1997), *aff'd sub nom. Scott v. Meyers*, 191 F.3d 82 (2d Cir. 1999) (finding that union membership "in and of itself satisfies the public-concern requirement.").

Construed in the light most favorable to Plaintiff, the Complaint alleges that Plaintiff was an elected chapter leader of the teacher's union, United Federation of Teachers ("UFT"). (Compl. at 7.) In this role, Plaintiff expressed his concern to Defendant Vairo at a School Leadership Team meeting on January 19, 2012 that C.S. 133 had gone from an A rating to an F. (*Id.* at 17.) As Chapter Leader, Plaintiff also requested Defendant Vairo's credentials "out of concern about the direction of the school and a number of scandals that arose out of District 5 involving principals who did not have proper credentials." (*Id.* at 18.) Plaintiff further alleges that Defendant Vairo was "angry at Plaintiff for suggesting that she . . . was not providing Plaintiff's constituents, the staff members who elected him Chapter Leader three times, the 'right stuff,' i.e. access to the ATS, resources for the children, and freedom from false claims and a hostile work environment." (*Id.* at 25.) As such, *pro se* Plaintiff has sufficiently alleged that the speech in which he engaged was protected speech.

The next element of a First Amendment retaliation claim is whether Plaintiff "suffered an adverse employment action." *Smith*, 776 F.3d at 118. Plaintiff alleged that his position was changed without notice from a tenured teacher to a substitute teacher, called "Absent Teacher Reserve" ("ATS")—a position that has no rights and lacks both summer school employment and union benefits. (*See* Compl. at 6, 20.) Plaintiff further alleges that "his file was automatically flagged with a 'no hire' code" and that he has lost "per session work and tutoring opportunities, personal property and possessions, and promotional advancement opportunities." (*Id.* at 2, 20.) Defendants also acknowledge that they were involved in an effort to terminate Plaintiff's employment. (Defs. Obj. at 4; *see also* Mem. at 15. ("The DOE had a legitimate nondiscriminatory reason for seeking plaintiff's termination[:] his abusive conduct.").) Thus, Plaintiff has alleged sufficient facts, which if proven true, could show that he suffered adverse employment action.

8

Finally, Plaintiff must allege a sufficient causal connection between the adverse action and the protected speech or activity. *Smith*, 776 F.3d at 118. "A plaintiff may establish causation either directly through a showing of retaliatory animus, or indirectly through a showing that the protected activity was followed closely by the adverse action." *Id.* Plaintiff alleges that, as a direct result of his union activities, Defendant Vairo threatened students who would not falsely testify in an investigation Defendant Vairo that initiated regarding Plaintiff's use of corporal punishment against a student. (Compl. at 12-13.) Indeed, the Complaint alleges that Defendant Vairo "had a pattern and practice of harassing [union] delegates and Chapter Leaders." (*Id.* at 11.) Additionally, in filing a § 3020-b complaint of misconduct and insubordination against Plaintiff, Defendant Vairo allegedly "created charges against Plaintiff which [she] knew [were] false in order to terminate [Plaintiff]." (*Id.* at 5-6, 11.) Despite Plaintiff's satisfactory annual performance ratings throughout his career, it is alleged that Defendant Vairo also falsely testified at Plaintiff's § 3020-a hearing that "Plaintiff received U-ratings due to his poor performance as a teacher, and she knew that this was not charged and completely untrue." (*Id.* at 10, 12.)

Accordingly, this Court adopts the Report's findings and recommendation to deny Defendants' motion to dismiss Plaintiff's First Amendment retaliation claim against Defendant Vairo for failure to state a claim.[8]

### D. Plaintiff fails to sufficiently allege a CSL § 75-b public employee whistleblower claim against Defendant Vairo.

This Court agrees with the Report's recommendation that Plaintiff's CSL § 75-b public employee whistleblower claim against Defendant Vairo, in her both her official and individual capacity, be dismissed. (Report at 22.) Only adverse employment actions by public employers

---

[8] This Court adopts the Report's recommendation that Plaintiff's state law claims against the City and Defendant Vairo, in her official capacity, must be dismissed for failure to serve timely notice of a claim. (*See* Report at 21.)

9

against their employees may provide the basis of CSL § 75-b claims. (*Id.*) Defendant Vairo, in her official or individual capacity, is not a public employer, and, therefore, her alleged retaliatory acts against Plaintiff are not within the purview of CSL § 75-b. This Court therefore dismisses the CSL § 75-b claim against Defendant Vairo.

## CONCLUSION

Magistrate Judge Fox's Report and Recommendation is adopted. This Court DISMISSES Defendants the City of New York, Dennis Walcott, and Theresa Europe. The CSL § 75-b public employee whistleblower claim, and all state law claims against Defendant Vairo in her official capacity, are also DISMISSED. Defendants' motion to dismiss Plaintiff's First Amendment retaliation claim against Defendant Vairo is DENIED.

The Clerk of the Court is directed to close the motion at ECF No. 9.

Dated: New York, New York
September 28, 2015

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge